E-FILED
Tuesday, 13 October, 2026 01:07:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DERAY SHAUN HUGGINS, Plaintiff, | ) | |
| v. | ) | 26-3145 |
| HEATH MANTON, *et al.* Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Stateville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges events that occurred during his incarceration at Western Illinois Correctional Center and Pinckneyville Correctional Center. Plaintiff originally filed this case in the Southern District of Illinois, where Pinckneyville is located. The Southern District addressed all claims arising at that facility before transferring the case to this district. (Doc. 23). Only those

claims arising at Western Illinois remain pending for disposition in this court.

Plaintiff alleges that Defendant Umphryes searched him without probable cause and confiscated a deck of cards Plaintiff had on his person. Plaintiff alleges that Defendant Manton pushed him into a gate, tightened his handcuffs, twisted Plaintiff's arm, and bent Plaintiff's risk despite Plaintiff's compliance with commands. Plaintiff alleges that Defendant Genenbacher and Manton then forced him into a painful position that injured him back and wrist, dragged him to restrictive housing, and ignored requests for medical help.

Plaintiff alleges that Defendants Manton, Genenbacher, Ford, and John Doe #4 kicked him, pulled his hair, fractured his pinky finger, threw him to the ground, and placed a foot on his chest. Plaintiff alleges that he lost consciousness.

Plaintiff alleges that Defendant Jane Doe #1 attempted to inject him in the mouth with an unknown substance, and that medical staff told him he would go to the hospital. Plaintiff alleges that Jane Doe #3 smiled while he undressed during a strip search. Plaintiff alleges that hospital staff diagnosed a fractured pinky, bruises, and that his wrist was "sprung." Plaintiff alleges that he transferred to Pinckneyville thereafter.

Plaintiff states an Eighth Amendment claims for excessive force and deliberate indifference to a serious medical need and a state law claim for battery against Defendants Manton, Genenbacher, Ford, and John Doe #4, an Eighth Amendment failure-to-intervene and Fourth Amendment unreasonable search and seizure claims against Defendant Umphryes, and an Eighth Amendment claim for an allegedly humiliating strip search against Defendant Jane Doe #3. All claims proceed against these defendants in their individual capacities.

Plaintiff's allegations that medical staff sent him to the hospital shortly after the alleged acts of excessive force occurred do not permit a plausible inference that medical staff acted with

deliberate indifference or unreasonably delayed medical care. The Court finds that Plaintiff fails to state a claim against Defendants Jane Doe #1 and John Doe #2 and will dismiss these defendants accordingly.

**Plaintiff's Motions (Docs. 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37)**

Plaintiff's motions request a status update, entry of default judgment against the Defendants, to update his address, and for the Court to grant summary judgment in his favor. Plaintiff also states that Stateville Correctional Center officials have engaged in "foul play" and tampered with his mail.

Plaintiff's motions are granted to the extent that they seek a status update and to update his address and denied as to any other relief requested. The order entered in the Southern District addressed only the claims arising in that district and transferred to this Court all remaining claims. Up to this point, there have been no claims pending against the individuals Plaintiff named as defendants, these defendants have not been served, and, thus, they had no requirement to file an answer or otherwise plead. *See* Fed. R. Civ. P. 12(a)(1)(A) (required to file an answer within 21 days after being served). An entry of default judgment or summary judgment in Plaintiff's favor is premature. *See* Fed. R. Civ. P. 55(a); 56.

The Court does not have authority to take action regarding any events that occurred at Stateville Correctional Center, as that facility lies in the Northern District of Illinois and no Stateville officials are parties to this lawsuit.

**IT IS THEREFORE ORDERED:**

**1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claims for excessive force and deliberate indifference to a serious medical need and a state law claim for battery against Defendants Manton, Genenbacher, Ford, and John Doe #4, an Eighth Amendment failure-to-intervene and Fourth Amendment unreasonable search and seizure claims against Defendant Umphryes, and an Eighth Amendment claim for an allegedly humiliating strip**

**search against Defendant Jane Doe #3. All claims proceed against these defendants in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**11. The clerk is directed to terminate Jane Doe #1 and John Doe #2 as defendants.**

**12. The clerk is directed to attempt service on Heath Manton, Genenbacher, Umphryes, and Kristopher E. Ford pursuant to the standard procedures.**

**13. Plaintiff's Motions [26][27][28][29][30][31][32][33][35][36][37] are GRANTED in part and DENIED in part.**

**14. The clerk is directed to send Plaintiff a courtesy copy of the docket.**

Entered this 13th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE